IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | |
|---|---|
| GENE A. AUSTAD, | Cause No. CV-07-064-BU-RFC-CSO |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION TO APPOINT COUNSEL AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS § 1983 CLAIMS** |
| BRIAN SCHWEITZER, GOVERNOR; MIKE FERRITER, DIRECTOR OF THE MONTANA DEPARTMENT OF CORRECTIONS; and MIKE MAHONEY, WARDEN OF MONTANA STATE PRISON, | |
| Defendants. | |

_____

This matter is before the Court on Plaintiff Gene A. Austad's First, Second, Third and Fourth Amended Complaints (Court's Doc. Nos. 6, 7, 8 and 9) and Plaintiff's Motion for Appointment of Counsel. (Court's Doc. No. 9). Plaintiff is bringing his claims pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act.

On November 8, 2007, the Court issued an Order finding that Plaintiff's Complaint, as then plead, failed to state a claim upon which relief may be granted. (Court's Doc. No. 4). The Court provided Plaintiff with a number of instructions

regarding the deficiencies in his Complaint and allowed him to file an Amended Complaint. Plaintiff has now filed an Amended Complaint, a Second Amended Complaint, a Third Amended Complaint, and a Fourth Amended Complaint.

Plaintiff is advised that Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course before being served with a responsive pleading. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. As Plaintiff has now filed four amendments to his Complaint, he will, from now on, only be able to amend his pleading with the consent of the opposing party or with leave of Court.

The Court will now complete the prescreening process pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A as described in the Court's November 8, 2007, Order.

## A. PARTIES

Plaintiff is a prisoner at the Montana State Prison who is confined to a wheelchair. In his original pro se Complaint, Plaintiff named Mike Mahoney, the Warden at Montana State Prison; Mike Ferriter, the Director of the Montana Department of Corrections and Brian Schweitzer, Governor of the State of Montana as Defendants. (Court's Doc. No. 2, p. 3, ¶ III(B)). He did not name any additional defendants in his subsequent amendments.

## B. ALLEGATIONS

Concisely stated, Plaintiff has alleged claims of denial of medical care and dental

care, denial of access to the courts, and denial of due process in a medical parole hearing.  These claims have been brought pursuant to 42 U.S.C. § 1983.  He has also alleged violations of the Americans with Disabilities Act with regard to his conditions of confinement at Montana State Prison.

## C.  ANALYSIS

### 1.  42 U.S.C. § 1983 Claims

Plaintiff was specifically advised by the Court in its November 8, 2007, Order that Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights.  Monell v. Department of Social Services, 436 U.S. 658, 691-94 (1978).  Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. Id.  That is, defendants will not be held liable just because they oversee the jail, the Department of Corrections, or the State of Montana.  Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  In order to be liable, a supervising officer has to personally take some action against the Plaintiff or "set in motion a series of acts by others . . . , which he knew or reasonably should have known, would cause others to inflict the constitutional injury." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted).

Plaintiff had only named supervising officers in his original Complaint and did not

cure this defect in any of his subsequent amendments.  He continues to argue that these Defendants should be liable merely because they supervise the daily operations of the prison.  Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. See Pembaur v. City of Cincinnati, 475 U.S. 469, 479, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986).  "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citing Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)).

Here there is no allegation that these Defendants were personally involved in the alleged denials of Plaintiff's constitutional rights.  The only potential actions which they may have taken were in the reviewing of Plaintiff's grievances, but there is no due process right to a prison grievance procedure.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Thus, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 against any of the named Defendants.  As the Court has already allowed Plaintiff an opportunity to amend to cure this defect in his pleading, it need not do so again.[1]  Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 will be recommended for dismissal as Plaintiff has failed to name a proper Defendant in conjunction with those claims.

---

[1] Many of Plaintiff's § 1983 claims, are also barred by the applicable statute of limitations, as Plaintiff's allegations involve incidents which occurred in 1980, 1985, and 1990.

### 2. Americans with Disabilities Act

Plaintiff has set forth a number of claims under the Americans with Disabilities Act including allegations that Defendants failed to remove a three-inch barrier in the shower doorway, refused to install handrails for the walking disabled, refused to provide lower light switches for cells for wheelchair disabled inmates, refused to replace door nobs with levers, refused to install call lights in designated cells, refused to install call lights in bathrooms, refused to lower mail, IWF, infirmary, and grievance boxes for disabled wheelchair bound inmates, and refused to lower bulletin boards to eye level for wheelchair bound inmates.  (Court's Doc. No. 8, pp. 2-3).

The Court finds that at least some of these allegations are sufficient to state a claim upon which relief may be granted.[2]  See United States v. Georgia, 546 U.S. 151, 158-59 (2006).  The Court draws no conclusions about the truth of Plaintiff's allegations or about the strength of the evidence he might offer to corroborate them.  The Court only finds that Plaintiff's Complaint requires a response from Defendants. The Court will require a response to these allegations from Defendants by separate Order.

### D. MOTION TO APPOINT COUNSEL

---

[2] Defendants in their official capacities represent the State of Montana. However, the State is not entitled to Eleventh Amendment immunity under Title II of the ADA. Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); see also Vinson v. Thomas, 288 F.3d 1145, 1151 (9th Cir. 2002)(a State waives Eleventh Amendment immunity by accepting federal funds).

In his last amended complaint, Plaintiff asks the Court to appoint counsel to assist him in the litigation of this matter. (Court's Doc. No. 9). There is no constitutional right to appointed counsel in a claim under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). The Court may appoint counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)) if it finds "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

Id. (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted) (§ 1983 action)); see also Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 760 (7th Cir. 1988) (Bivens action).

Plaintiff contends that he does not have the same access to the law library as other inmates due to his disability. Although the Court considers Plaintiff's limitations in this matter, he has demonstrated a sufficient ability to articulate his claims thus far. In addition, the Court is concerned that the issues raised in Plaintiff's Complaints are already being litigated in the matter of In Re: Litigation relating to conditions of confinement at Montana State Prison, Civil Action No. 93-CV-46-H-DWM-JCL. The Court concludes that it is appropriate to receive Defendants' Answer to Plaintiff's Complaint,

ORDER DENYING MOTION TO APPOINT COUNSEL AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DISMISS § 1983 CLAIMS - CV-07-064-BU-RFC-CSO / PAGE 6

and resolve any potential preliminary motions, prior to considering appointment of counsel at this time.  Accordingly, Plaintiff's motion will be denied without prejudice. Plaintiff may renew his request for appointment of counsel after Defendants have filed their Answer and any preliminary motions have been resolved.

Based on the foregoing, the Court enters the following:

### ORDER

1. Plaintiff's Motion for Appointment of Counsel (Court's Doc. No. 9) is **DENIED WITHOUT PREJUDICE.**

2. The Clerk of Court is directed to serve a copy of Plaintiff's Complaints (Court's Doc. Nos. 2, 6, 7, 8, 9) and this Order upon counsel for the parties in the matter of In Re:  Litigation relating to conditions of confinement at Montana State Prison, Civil Action No. 93-CV-46-H-DWM-JCL**.**

Further the Court enters the following:

### RECOMMENDATION

Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 should be **DISMISSED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 9th day of May, 2008.

/s/ Carolyn S. Ostby
Carolyn S.  Ostby
United States Magistrate Judge